

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Mr. Reed:                    Opinion No. O-3300

Re: Validity of Sec. 4, Article
5221a-1, R. C. S. (Emigrant
Agency Law)

    In your letter of March 14, 1942, copied below,
you seek an opinion from this department on the above
subject:

    "In order to take proper action on a mat-
ter now pending before this Department, please
advise me whether or not Section 4, Article
5221a-1, R.C.S. (Emigrant Agency Law) is valid.

    "It is my understanding that there has been
some court decision regarding Section 4 of this
act which affects its validity (Hanley v. Moody
39 F. (2d) 198.

            * * * * *

    You are respectfully advised that a three-judge
court sitting in the District Court for the Northern Dis-
trict of Texas, Dallas Division, in the case of Hanley v.
Moody, cited by you, did hold the law invalid in the re-
spect mentioned by you, in the following language:

    "It seems to us that section 4 is repug-
nant to the Constitution of both the state
and the nation. Under its terms one who
furnishes transportation to eleven or more
unemployed inhabitants of Texas, that they
may work in some other state, is not permit-

424

ted to make his own contract. He is required
to give a bond that he will furnish to each
of such laborers return transportation. This
not only applies to the employment agent, but
it likewise applies to the employer. We know
of no power in either the national or state
legislative bodies to compel an individual
citizen to make any particular sort of a con-
tract. It can hardly be defended upon the
theory that the unemployed citizen is so help-
less and so much above or below constitutional
guaranties that he and the man who assists him
in securing work must enter into an agreement
as provided by law, otherwise the unemployed
must remain unemployed. The general right to
make a contract in relation to one's business
is a part of the liberty protected by the Four-
teenth Amendment. Both the Fifth and Four-
teenth Amendments recognize liberty and property
as coexistent human rights and the state is bar-
red from unwarranted interference with either."

The Department should conform to this decision.

APPROVED MAR 27, 1942     Very truly yours

*[signature]*

FIRST ASSISTANT
ATTORNEY GENERAL          ATTORNEY GENERAL OF TEXAS

                          By   *[signature]*
                               Ocie Speer
                               Assistant

OS-MR